■ In the Matter of HUGH N. CHANCEY et al., Petitioners, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which denied petitioners' application for a redetermination of a deficiency and for a refund of personal income taxes for the years 1965, 1966, 1967, 1968 and 1969. Petitioners filed a 1965 New York State resident tax return for the period January 1, 1965 to February 19, 1965, and a 1969 New York State resident tax return for the period January 19, 1969 to December 31, 1969 in which they claimed a refund. They did not file returns for the years 1966 through 1968. The Tax Commission held that the petitioners were domiciliaries of New York State and had maintained a permanent place of abode in New York from 1965 through 1969. The petitioners had resided in New York State until mid-February, 1965. Mr. Chancey was then elected general chairman and executive vice-president of a union, the Order of Railway Conductors and Brakemen. The petitioners moved to Chicago where the headquarters of the union were located. They took with them all their personal belongings. It was Mr. Chancey's expectation that he would enjoy a long term in his office as did his predecessor who had served for 20 years. In Chicago they rented an apartment, opened up bank accounts, transferred their New York savings account to Chicago, registered to vote and voted from Chicago, joined a church and other clubs, changed their passports to reflect Illinois as their place of residence, took a phone listing, filed Federal returns listing Chicago as their residence, bought a car which they registered in conformity with Illinois law, took out insurance and maintained an account with a mutual fund operation in Chicago. A home in New York occupied by Mr. Chancey's aged mother and purchased solely with her funds listed Mr. Chancey as joint owner along with his mother. This was a testamentary device to assure that the home passed to him upon her demise. Mr. Chancey was his mother's sole source of support and as such maintained her in the jointly owned property. He took the expenses of her support as deductions on his Federal tax return. He was listed on a small joint savings account with his mother in New York State. The money in the

account belonged solely to the mother. The account was held jointly as a precaution in case of the need for immediate funds made necessary by his mother's advanced years. Mr. Chancey had just been elected to a new four-year term as president of his union when unexpectedly the Pullman Company went out of business and the union of which petitioner was an officer ceased to exist. He searched for work in various States but the only position he was able to obtain was with the Long Island Railroad in New York. The petitioners, therefore, returned to New York and took up residence in his mother's house in New York State, in 1969. It is petitioners' contention that they were not New York State residents under section 605 (subd [a], par [1]) of the Tax Law because they were domiciled in Illinois and did not maintain a permanent place of abode in New York during the years in question. We agree. The evidence in this case is clear and convincing that the petitioners intended to change their domicile from New York to Illinois and did so. All their actions were consistent with their contention that they were domiciliaries of Chicago. When considered in the totality of the circumstances in this case as found in the record, we cannot say there is a rational basis in it for the findings of fact supporting the agency's decision. The decision of the commission is arbitrary and capricious as a matter of law. Determination annulled, without costs, and matter remitted for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Staley, Jr., Mikoll and Herlihy, JJ., concur.